GEORGE SANDS *vs.* JOHN SANDS AND CEDAR RIFT, appellants.

Aroostook.  Opinion December 27, 1882.

*Liens.  Practice.  R. S., c. 91, § 34.  Shingle rift.*

A lien may be preserved by amending the writ before judgment, striking out the non-lien items, and taking judgment for the lien claim items.

Revised statutes, chapter 91, § 34, gives a lien on shingle rift, cut four feet in length, for cutting and hauling the same to mill.

ON EXCEPTIONS.

An appeal from a judgment of a trial justice, in an action of assumpsit, for labor cutting and hauling cedar rift, and money count, and referred to presiding justice, on agreed statement, with right to except.

The exceptions state that "the presiding justice ruled that the writ was sufficient to create a valid lien; that the joinder of a money count in plaintiff's writ with a count for his services upon the lumber, which writ the plaintiff was allowed on return day of said writ to amend by striking out said money count, was no waiver of said lien; that the cedar rift described in said writ and officer's return thereon, was logs and lumber, within the meaning of section 34 of chapter 91 of the Revised Statutes and amendments thereto."

*C. B. Roberts*, for the plaintiff.

*W. P. Allen*, for the defendant.

VIRGIN, J. Numerous cases decide that a lien claim is lost when absorbed or merged in a judgment with a non-lien claim. But there is no objection to amending a writ before judgment by striking out a non-lien claim and taking judgment for the other and thus preserve the lien. On the contrary such an amendment was allowed in *Spofford* v. *True*, 33 Maine, 297.

We are of the opinion, also, that " cedar shingle rift," cut four feet in length and then hauled to the mill, is embraced by R. S., c. 91, § 34, giving a labor-lien on "logs or lumber" for cutting and hauling the same. If felled and hauled whole there could be no question about it; and sawing the logs into four feet sticks for convenience in hauling and handling cannot destroy the lien. Railroad ties have been considered "logs and timber" in *Kulloch* v. *Parcher*, Wis. See 26, Al. L. J. 402.

*Exceptions overruled.*

APPLETON, C. J., WALTON, DANFORTH, PETERS and SYMONDS, JJ., concurred.